MICHAEL L. WELSH *vs.* MARY A. COOLEY, (two cases.)

November 1, 1890.

**Stipulation Construed.**—A stipulation defining the issues to be tried, construed.

**Foreclosure by Advertisement in Name of Deceased Mortgagee.**— *Bausman* v. *Kelley*, 38 Minn. 197, to the effect that a foreclosure of a mortgage by advertisement, in the name of the mortgagee, he being then dead, is void, followed.

**Same—Mortgagor not Estopped.**—Facts *held* insufficient to estop the mortgagor, in such a case, from asserting his title.

These actions grew out of a sale and conveyance, by defendant to plaintiff, of certain described real estate in Hennepin county, and were brought in the district court for that county. The consideration in the conveyance ($10,100) was paid by plaintiff as follows, viz., $3,500 in cash and the residue in promissory notes secured by mortgage on other real estate, and not due when the suit was brought. The conveyance contained the usual covenants of seisin in fee, right to convey, for quiet enjoyment, and of warranty. In each case the plaintiff alleges that defendant never had any title to the premises. In the first action the relief prayed is that defendant be enjoined, pending the suit, from transferring the note or mortgage, and that she deliver them up to be cancelled. In the second action the plaintiff asks judgment for the $3,500 paid, with interest. The actions were consolidated for trial by the stipulation recited in the opinion, and were tried by *Hooker*, J., who ordered judgment for the relief prayed in each case. The defendant appeals from an order refusing a new trial.

*E. E. Cooley,* for appellant.

*D. A. Secombe* and *J. R. Corrigan,* for respondent.

GILFILLAN, C. J. In these cases, depending on the same issues and consolidated for trial and judgment in the court below, we do not think that the record presents the principal question argued here, to wit, was a breach of the covenant of seisin shown? For the stipulation entered into for the purpose of the trial, agreeing that the cases shall be tried on "the whole issues as to title, and that the judgment may include the recovery of the consideration paid by the plaintiff and the cancellation of the note and mortgage, or otherwise, as the title may appear," seems to have been intended to narrow the issues down to that of title, and to make the right of judgment depend on the finding on that issue, without regard to the question of the technical breach of covenant alleged.

The issue of title is free from doubt. Within the decision in *Bausman* v. *Kelley,* 38 Minn. 197, (36 N. W. Rep. 333,) the attempted foreclosure of the mortgage, through which defendant claimed the title she assumed to convey to plaintiff, was void, the person in whose name it was made being dead. The title, therefore, remained in the mortgagor, and defendant passed none by her deed to plaintiff.

There is nothing in the facts found to work an estoppel against that owner asserting his legal title. To work an estoppel, he must have known the facts, or been guilty of negligence in not knowing them, and the persons in whose behalf the doctrine is invoked must have relied on and acted on the faith of what he said or did or omitted. These elements of an estoppel are not found. The rule upon which *Bausman* v. *Kelley* was decided was not that of estoppel, but the equitable doctrine of laches, under which equitable relief will be denied one who has been guilty of unreasonable and prejudicial delay in seeking it, and he will be left to his legal remedy. There is nothing in the case suggesting that the legal owner may not enforce his legal remedy until barred by the statute of limitations.

Order affirmed.